IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID HAROLD MCCALLISTER, ) <br> ID # 01666170 ) <br> Petitioner, ) <br> vs. ) <br> ) <br> WARDEN CASTRO and LORIE DAVIS, ) <br> Director, Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br> Respondents. ) | No. 3:20-CV-2506-X-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on August 25, 2020 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

### I.  BACKGROUND

David Harold McCallister (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions and life sentences for murders committed in 1977. (*See* doc. 3 at 2.) He names as respondents the Director of TDCJ-CID and the warden of his institution of incarceration. (*See id.* at 1.)

Petitioner was convicted of murder in Cause Nos. 20656 and 20657 in the 13th Judicial District Court of Navarro County, Texas, and sentenced to life imprisonment in both cases on March 13, 1978.[2] (*See id.* at 2.) *See* https://offender.tdcj.texas.gov/OffenderSearch (last visited

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Petitioner also received a life sentence for aggravated sexual assault of a child under 14 in Cause No. F-0914819 on August 19, 2010, in Dallas County, Texas. *See* https://offender.tdcj.texas.gov/OffenderSearch (last visited Sept. 29, 2020). Petitioner is not challenging this life sentence in his § 2254 petition.

Sept. 29, 2020). According to Petitioner, a notice of appeal was filed in the trial court, but no brief was filed in the appellate court, and no petition for discretionary review (PDR) was filed with the Texas Court of Criminal Appeals. (*See id.* at 3, 6.) He filed state habeas applications in 1982 and 1986. (*See id.* at 3-4, 23); *Ex parte McCallister*, No. WR-16,204-01 (Tex. Crim. App. June 15, 1988); http://search.txcourts.gov (last visited Sept. 25, 2020). On June 9, 1988, Petitioner filed another state habeas petition challenging the affirmative finding of use of a deadly weapon in his convictions. *See Ex parte McCallister*, No. AP-70,204 (Tex. Crim. App. June 15, 1988). The Court of Criminal Appeals granted the habeas petition on June 15, 1988, and reformed the judgments to remove the affirmative finding of use of a deadly weapon. *See id.*

Petitioner's subsequent state habeas petitions in both cases, received and deemed filed on July 25, 2019, were dismissed without written order for non-compliance with court rules on July 31, 2019. *See Ex parte McCallister*, No. WR-16,204-02 (Tex. Crim. App. July 31, 2019); *Ex parte McCallister*, No. WR-16,204-03 (Tex. Crim. App. July 31, 2019). His state habeas petition in Cause No. 20656, received and deemed filed on January 10, 2020, was denied without written order on February 5, 2020. *See Ex parte McCallister*, No. WR-16,204-04 (Tex. Crim. App. Feb. 5, 2020).

Petitioner now contends that he "filed a notice of appeal and his attorney Don Young failed to file an appeal brief in violation of Petitioners [sic] 6th and 14th United States Constitutional rights and was ineffective in his assistance of counsel on appeal. Equaling no counsel on appeal." (doc. 3 at 6.)

## II.   STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006. It applies to all federal petitions for habeas

2

corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Title I of AEDPA substantially changed the way federal courts handle habeas corpus petitions, and one of the major changes is a one-year limitations period. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner claims that no appeal with the state appellate court or PDR with the Court of Criminal Appeals was filed. (*See* doc. 3 at 3.)[3] His convictions therefore became final on April 12, 1978, when the thirty-day period for filing an appeal expired.[4] *See* Tex.

---

[3] In its June 15, 1988 opinion granting relief on Petitioner's state habeas petition, the Court of Criminal Appeals recognized that "Applicant was convicted of murder in two cases. He was sentenced to life imprisonment and no appeals were taken." *Ex parte McCallister*, No. AP-70,204, *Opinion*.

[4] Attached to the petition is a response from the State, filed on December 23, 2019, to Petitioner's 2019 state habeas petitions. (*See* doc. 3 at 16-22.) It states that Petitioner appealed his convictions to the Court of Criminal Appeals "sometime in 1978," and that the clerk's record reflected that a judicial panel "issued a *per curiam* decision on December 13, 1978 affirming the conviction and modifying the judgment." (*Id.* at 17.) There does not appear to be a record of such appeal or decision in the txcourts.gov system. *See* http://search.txcourts.gov ((last visited Sept. 29, 2020). Based on the response, Petitioner's convictions would have become final on January 12, 1979, after the expiration of the thirty-day time frame for seeking further review after his convictions were affirmed on direct appeal.

3

R. App. P. 26.2(a) (appeal must be filed within thirty days of judgment); *Roberts*, 319 F.3d at 693. Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the AEDPA in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Petitioner is therefore entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

Under subparagraph (D), the facts supporting Petitioner's claims regarding the alleged ineffectiveness of his counsel became known or could have become known through the exercise of due diligence prior to AEDPA's enactment on April 24, 1996.[5] *See* 28 U.S.C. § 2244(d)(1)(D). Because he filed his petition over 23 years after the one-year grace period expired, the petition is untimely under § 2244(d)(1) in the absence of statutory or equitable tolling.

**A.**    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

*See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d at 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires.").

[5] Petitioner does not allege a state-created impediment that prevented him from filing his federal petition, or any new constitutional right.

4

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner did not have any state habeas petitions pending at the time the AEDPA was enacted. His state habeas applications following the enactment of the AEDPA were received and filed on July 25, 2019, and February 5, 2020. These applications were filed over 22 years after the statutory limitations and grace period expired on April 24, 1997. They therefore do not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the petition.

**B.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g., Phillips v. Donnelly*, 223 F.3d 797, 797 (5th

5

Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner argues that the one-year limitations period should not bar his § 2254 petition because "the law is ex post facto to my requests for an appeal in 1977 and the repeated requests for an appeal in 1982 and 1988. And the repeated requests for an attorney." (doc. 3 at 9.) He claims that because his former defense counsel "was never released from the case the appeal has been ongoing and on appeal for 42 years with no brief filed or attorney appointed to represent appellant." (*Id.*) Petitioner did not begin pursuing his post-judgment rights until 1982, four years after he was sentenced, followed by state habeas petitions in 1986 and 1988. He then allowed thirty years to pass before again pursuing post-judgment relief in 2018, 2019, and 2020. Petitioner has not met his burden to show that he has been pursuing his rights diligently, or that an extraordinary circumstance prevented him from timely filing his petition. He has failed to meet his burden to show that he is entitled to equitable tolling.

C. **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the

evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner does not allege that he is actually innocent, and his claims do not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period on this basis. His § 2254 motion should be denied as untimely.

### III. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on August 25, 2020, should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 29th day of September, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE